| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Jordan Health Products I, Inc.

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names  
DBA Avante Health Solutions

**3. Debtor's federal Employer Identification Number (EIN)**  
47-4669981

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 8700 W Bryn Mawr Avenue<br>Suite 720S<br>Chicago, IL 60631 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Cook<br>County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  
https://avantehs.com/

**6. Type of debtor**  
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Jordan Health Products I, Inc.**     Case number (*if known*) _____
     Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __8112__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor  **Jordan Health Products I, Inc.**  Case number (*if known*) _____
      Name

| | | | |
|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor **See Attachment** District _____ | When _____ | Relationship _____ Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.  Insurance agency _____
      Contact name _____
      Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
- ☐ Funds will be available for distribution to unsecured creditors.
- ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor    **Jordan Health Products I, Inc.**                                    Case number (*if known*)
      Name

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 8, 2024**
               MM / DD / YYYY

**X /s/ Rob Hubbard**                                    **Rob Hubbard**
Signature of authorized representative of debtor          Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

**X /s/ Christopher A. Ward**                            Date    **October 8, 2024**
Signature of attorney for debtor                                 MM / DD / YYYY

**Christopher A. Ward**
Printed name

**Polsinelli PC**
Firm name

**222 Delaware Avenue**
**Suite 1101**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 252-0920**        Email address    **cward@polsinelli.com**

**3877 DE**
Bar number and State

Debtor  **Jordan Health Products I, Inc.**   Case number (*if known*) _____
         Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number (*if known*) _____   Chapter  **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | **D.R.E. Medical Group, Inc.** | | Relationship to you | **Affiliate** |
|---|---|---|---|---|
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Equipment Maintenance Solutions, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Global Medical Imaging, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Jordan Health Products III, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Oncology Services International, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Pacific Medical Group, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Pacific Medical Holdings, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Technical Options of Georgia, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Transtate Equipment Company, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Ultra Solutions Holdings, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Ultra Solutions, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |

| Debtor name | JORDAN HEALTH PRODUCTS I, INC., et al. |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE** | |
| Case No. (If known) | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Philips Medical Systems Nederland BV Philips North America LLC, & Philips India Ltd , c/o Bradley Arant Boult Cummings LLP Attn: Robert Marcus, C Bailey King 214 N Tryon St, Ste 3700, Charlotte, NC 28202 | Philips Medical Systems Nederland BV Email: rmarcus@bradley.com; bking@bradley.com | Litigation | Contingent, Unliquidated & Disputed | | | Unknown |
| 2 | Richard Hall c/o Cole Schotz PC Attn: Eric Lazter Court Plaza N 25 Main St Hackensack, NJ 07601 | Richard Hall Email: elatzer@coleschotz.com | Litigation | Contingent, Unliquidated & Disputed | | | Unknown |
| 3 | RS&A, LLC c/o McGuireWoods LLP Attn: Scott Barnett, David Pivnick 77 W Wacker Dr, Ste 4100 Chicago, IL 60601-1818 | RS&A, LLC Email: bbarnett@mcguirewoods.com; dpivnick@mcguirewoods.com | Litigation | Contingent, Unliquidated & Disputed | | | Unknown |

**Debtor name** _____     Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4  Mobile Healthcare Facilities, LLC c/o Freeman Mathis & Gary, LLP Attn: Brian S Goldberg, Leo Kogan 100 Galleria Pkwy, Ste 1600 Atlanta, GA 30339 | Mobile Healthcare Facilities, LLC Email: brian.goldberg@fmglaw.com; lkogan@fmglaw.com | Litigation | Contingent, Unliquidated & Disputed | | | Unknown |
| 5  Dentons 4520 Main St, Ste 1100 Kansas City, MO 64111 | Dentons Attn: Steve Rist Tel: 816-460-2645 Email: steve.rist@dentons.com | Professional Fees | Contingent, Unliquidated & Disputed | | | $3,246,218.18 |
| 6  Ambassador Medical 75 Remittance Dr, Ste 1109 Chicago, IL 60675-1109 | Ambassador Medical Attn: Brandon Montgomery Email: brandon.M.montgomery@gehealthcare.com | Trade Payable | | | | $1,284,584.37 |
| 7  Allparts Medical, LLC 62654 Collections Center Dr Chicago, IL 60693 | Allparts Medical, LLC Attn: Melissa Mallory Email: melissa.mallory@philips.com | Trade Payable | | | | $1,048,497.04 |
| 8  Partssource, Inc P.O. Box 645186 Cincinnati, OH 45264-5186 | Partssource, Inc Attn: Jen Sanicky, Mike Van Derveer Tel: 704-607-4770 Email: jsanicky@partssource.com; mvanderveer@partssource.com | Trade Payable | | | | $581,405.32 |
| 9  W7 Global, LLC P.O. Box 400 Henryville, IN 47126 | W7 Global, LLC Attn: Wayne Kramer Email: wkramer@w7global.com | Trade Payable | | | | $540,300.00 |

**Debtor name** _____   Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10  Scandinavian Medical Solutions Aps<br>Gasvaerksvej 46<br>Aalborg, 9000<br>Denmark | Scandinavian Medical Solutions Aps<br>Attn: Troels Anker Vad<br>Email: troels.vad@scandinavian-medical.com | Trade Payable | | | | $479,786.39 |
| 11  Relink Medical<br>1755 Enterprise Pkwy, Ste 400<br>Twinsburg, OH 44087 | Relink Medical<br>Attn: Roy Lobb, Joe Hummel<br>Email: rlobb@relinkmedical.com;<br>jhummel@relinkmedical.com | Trade Payable | | | | $402,469.28 |
| 12  Lenard Enterprises Inc<br>3-1211 Gorham St<br>Newmarket, ON L3Y 8Y3<br>Canada | Lenard Enterprises Inc<br>Attn: Hojdat (Mike) Ma<br>Email: sales@lenard.healthcare | Trade Payable | | | | $344,681.00 |
| 13  Medten<br>1 Technology Dr, Ste B115<br>Irvine, CA 92618 | Medten<br>Attn: Andres Orjuela<br>Email: andres@medten.com | Trade Payable | | | | $328,622.55 |
| 14  Air Products & Chemicals, Inc<br>Mail Code 5701<br>P.O. Box 71200<br>Charlotte, NC 28272 | Air Products & Chemicals, Inc<br>Attn: Dennis Calkins<br>Email: CALKINDE@airproducts.com | Trade Payable | | | | $287,444.13 |
| 15  Fedex<br>P.O. Box 371461<br>Pittsburgh, PA 15250-7461 | Fedex<br>Attn: Karsten Stryhal<br>Email: karsten.stryhal@fedex.com | Trade Payable | | | | $276,045.37 |
| 16  Sonovision, Inc<br>8324 SW Nimbus Ave<br>Beaverton, OR 97008 | Sonovision, Inc<br>Attn: Todd Renshaw<br>Email: info@sonovision.us | Trade Payable | | | | $265,750.00 |

**Debtor name** _____     Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  Beyondsoft Consulting, Inc<br>10700 Northup Way, Ste 120<br>Bellevue, WA 98004 | Beyondsoft Consulting, Inc<br>Attn: Senthilkumar Ponnusamy<br>Email: Senthilkumar.Ponnusamy@us.beyondsoft.com | Trade Payable | | | | $218,528.00 |
| 18  Siemens Medical Solutions USA, Inc<br>P.O. Box 120001<br>Dept 0733<br>Dallas, TX 75312 | Siemens Medical Solutions USA, Inc<br>Attn: Michael Yuros<br>Email: michael.yuros@siemens-healthineers.com | Trade Payable | | | | $189,651.50 |
| 19  AON<br>421 Fayetteville St, Ste 530<br>Raleigh, NC 27601 | AON<br>Attn: Mike Fenn<br>Email: michael.fenn@aon.com | Professional Fees | | | | $185,857.87 |
| 20  Image Technology Consulting - Mks<br>1400 Meadowlark Ln<br>Lancaster, TX 75146 | Image Technology Consulting - Mks<br>Attn: Marshall Shannon<br>Email: marshall@imagetechnology.net | Trade Payable | | | | $155,130.00 |
| 21  Clearer Imaging, LLC<br>1546 E Jeanine Dr<br>Tempe, AZ 85284 | Clearer Imaging, LLC<br>Attn: Jordan Clinkenbeard<br>Tel: 317-225-0529<br>Email: jclink88@gmail.com | Trade Payable | | | | $154,400.00 |
| 22  Block Imaging International Inc<br>1845 Cedar St<br>Holt, MI 48842 | Block Imaging International Inc<br>Attn: Vickie Spencer<br>Tel: 901-277-0387<br>Email: vickie.spencer@blockimaging.com | Trade Payable | | | | $149,163.49 |
| 23  Micra<br>c/o Frederick Warren-Boulton<br>Attn: Phillippe Alepin, BRG<br>1800 M St NW, 2nd Fl<br>Washington, DC 20036 | Micra | Professional Fees | | | | $138,574.25 |

**Debtor name** _____     Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24  Ultrasound Gurus, Inc 21302 55th Ave SE Woodinville, WA 98072 | Ultrasound Gurus, Inc Attn: Tuyet Nguyen Email: tuyet@ultrasoundgurus.com | Trade Payable | | | | $130,600.00 |
| 25  Parker Poe 620 S Tryon St, Ste 800 Charlotte, NC 28202 | Parker Poe Attn: Charles Raynal Tel: 704-372-9000 Email: charlesraynal@parkerpoe.com | Professional Fees | | | | $128,367.79 |
| 26  Alg Worldwide Logistics P.O. Box 66725 Chicago, IL 60666-0725 | Alg Worldwide Logistics Attn: John Marco Email: jmarco@algworldwide.com | Trade Payable | | | | $121,780.57 |
| 27  Sakomed, LLC 27751 La Paz Rd, Ste A Laguna Niguel, CA 92677 | Sakomed, LLC Attn: Matin Kondori Email: matin@sakomed.com | Trade Payable | | | | $121,300.00 |
| 28  Innovative Radiology 1390 Business Center Dr SW, Ste 700 Conyers, GA 30094 | Innovative Radiology Attn: Tommy Parker Email: tommy.parker@innovative-radiology.com | Trade Payable | | | | $119,555.83 |
| 29  Lbn Medical A/S Gugvej 70 Aalborg, SO 9210 Denmark | Lbn Medical A/S Attn: Luka Grobenski Email: LUG@lbnmedical.com | Trade Payable | | | | $118,400.00 |
| 30  Marina Medical Instruments Inc 8190 W State Rd, Ste 84 Davie, FL 33324 | Marina Medical Instruments Inc | Trade Payable | | | | $115,348.00 |

Official Form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims     Page 5

**Fill in this information to identify the case:**

Debtor name: **Jordan Health Products I, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October  8, 2024**          X **/s/ Rob Hubbard**
                                            Signature of individual signing on behalf of debtor

                                            **Rob Hubbard**
                                            Printed name

                                            **Chief Restructuring Officer**
                                            Position or relationship to debtor

# United States Bankruptcy Court
### District of Delaware

In re **Jordan Health Products I, Inc.**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **JORDAN HEALTH PRODUCTS, LLC**<br>**8700 W BRYN MAWR AVE**<br>**SUITE 720S**<br>**Chicago, IL 60631** | **Class A Common Stock** | **88 Shares** | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **October 8, 2024**

Signature **/s/ Rob Hubbard**
**Rob Hubbard**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## District of Delaware

In re  **Jordan Health Products I, Inc.**
Debtor(s)

Case No.
Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Jordan Health Products I, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**JORDAN HEALTH PRODUCTS, LLC**
**8700 W BRYN MAWR AVE**
**SUITE 720S**
**Chicago, IL 60631**

☐ None [*Check if applicable*]

**October 8, 2024**
Date

**/s/ Christopher A. Ward**
**Christopher A. Ward**
Signature of Attorney or Litigant
Counsel for **Jordan Health Products I, Inc.**
**Polsinelli PC**
**222 Delaware Avenue**
**Suite 1101**
**Wilmington, DE 19801**
**(302) 252-0920 Fax:(302) 252-0921**
**cward@polsinelli.com**

# UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF
## JORDAN HEALTH PRODUCTS I, INC.

September 23, 2024

The undersigned, being all of the Directors (the "**Board**") of Jordan Health Products I, Inc., a Delaware corporation (the "**Company**"), in accordance with the current Bylaws of the Company, with notice waived, do hereby adopt, approve, and authorize the recitals and resolutions set forth below and will place this Written Consent in the records of the Company:

**WHEREAS**, the Board has considered presentations by management and the legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal advisors of the Company.

**NOW THEREFORE BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it

**RESOLVED FURTHER:** that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and be it

**RESOLVED FURTHER:** that the Authorized Officers of the Company be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby authorized to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents, as applicable; and be it

**RESOLVED FURTHER:** that in the judgment of the Board it is desirable and in the best interests of the Company that the Company conduct an orderly liquidation of substantially all of its assets and, therefore, the Company is hereby authorized to enter into one or more asset purchase agreements and/or take other appropriate actions to effectuate such orderly liquidation on such terms that management determines will maximize value, and the Company is further authorized to file one or more motions to approve any such sales and for any related relief, or to approve sales of assets to a higher and better bidder, and to close such sale(s) or transactions, subject to Bankruptcy Court approval in the Company's chapter 11 proceeding; and be it

**RESOLVED FURTHER:** that the Company reaffirms and continues to authorize the employment of the firm of RIVERON MANAGEMENT SERVICES, LLC to provide the Company with a Chief Restructuring Officer, who will be Rob Hubbard of RIVERON MANAGEMENT SERVICES, LLC, and additional personnel, as needed, to represent the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of RIVERON MANAGEMENT SERVICES, LLC; and be it

**RESOLVED FURTHER:** that the Company reaffirms and continues to authorize the employment of the law firm of POLSINELLI PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of POLSINELLI PC; and be it

**RESOLVED FURTHER:** that the Company reaffirms and continues to authorize the employment of the firm of LIVINGSTONE PARTNERS LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of LIVINGSTONE PARTNERS LLC; and be it

**RESOLVED FURTHER:** that the Company reaffirms and continues to authorize the employment of the firm of OMNI AGENT SOLUTIONS, INC. as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of OMNI AGENT SOLUTIONS, INC.; and be it

**RESOLVED FURTHER:** that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper; and be it

**RESOLVED FURTHER:** that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits,

2

applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing, and prosecution to confirmation of a chapter 11 plan and related disclosure statement, if any; and be it

**RESOLVED FURTHER:** that all members of the Board of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice by execution hereof; and be it

**RESOLVED FURTHER:** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

This Written Consent may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

This action by written consent of the Board of Directors of Jordan Health Products I, Inc. is being signed and is effective as of the date first written above.

**BOARD OF DIRECTORS**

*David Campbell*

David Campbell

*Rick Arrowsmith*

Rick Arrowsmith

STEVEN PULLY

Steven Pully

4

95020404.3