**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JORDAN HEALTH PRODUCTS I, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 47-4669981 | Chapter 11<br><br>Case No. 24-12271 |
| In re:<br><br>GLOBAL MEDICAL IMAGING, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. 27-0268828 | Chapter 11<br><br>Case No. 24-12272 |
| In re:<br><br>D.R.E. MEDICAL GROUP, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 47-4682356_ | Chapter 11<br><br>Case No. 24-12273 |
| In re:<br><br>ONCOLOGY SERVICES INTERNATIONAL, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 22-3342514 | Chapter 11<br><br>Case No. 24-12274 |
| In re:<br><br>TECHNICAL OPTIONS OF GEORGIA, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 58-2025488 | Chapter 11<br><br>Case No. 24-12275 |

| | |
|---|---|
| In re:<br><br>JORDAN HEALTH PRODUCTS III, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 81-3029350 | Chapter 11<br><br>Case No. 24-12276 |
| In re:<br><br>TRANSTATE EQUIPMENT COMPANY, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 82-0674201 | Chapter 11<br><br>Case No. 24-12277 |
| In re:<br><br>EQUIPMENT MAINTENANCE SOLUTIONS, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 82-4437216 | Chapter 11<br><br>Case No. 24-12278 |
| In re:<br><br>ULTRA SOLUTIONS HOLDINGS, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 83-1792305 | Chapter 11<br><br>Case No. 24-12279 |
| In re:<br><br>ULTRA SOLUTIONS, LLC,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 46-3053425 | Chapter 11<br><br>Case No. 24-12280 |

95272451.2

| | |
|---|---|
| In re:<br><br>PACIFIC MEDICAL GROUP, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 81-3174339 | Chapter 11<br><br>Case No. 24-12281 |
| In re:<br><br>PACIFIC MEDICAL HOLDINGS, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 81-3162135 | Chapter 11<br><br>Case No. 24-12282 |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Order**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"); Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only. In support of the Motion, the Debtors rely upon the *Declaration of Rob Hubbard in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, filed with the Court concurrently herewith (the "**First Day Declaration**").[1] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). In accordance with Local Rule 9013-1(f), the Debtors consent to entry of a final order if it is determined that the Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

4.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

5.      By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly. For that reason, the Debtors respectfully submit that their

4

interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases.

6.      The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 11 Cases under the case of Jordan Health Products I, Inc. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 11 Case (except that of Jordan Health Products I, Inc.) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Jordan Health Products I, Inc., and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Jordan Health Products I, Inc., Case No. 24-12271, should be consulted for all matters affecting this case."

The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JORDAN HEALTH PRODUCTS I, INC., *et al.*,[1] | Case No. 24-12271 (___) |
| Debtors. | (Jointly Administered) |

95272451.2

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Jordan Health Products I, Inc. (9981); Global Medical Imaging, LLC (8828); D.R.E. Medical Group, Inc. (2356); Oncology Services International, Inc. (2514); Technical Options of Georgia, Inc. (5488); Jordan Health Products III, Inc. (9350); Transtate Equipment Company, Inc. (4201); Equipment Maintenance Solutions, Inc. (7216); Ultra Solutions Holdings, Inc. (2305); Ultra Solutions, LLC (3425); Pacific Medical Group, Inc. (4339); and Pacific Medical Holdings, Inc. (2135). The Debtors' service address is 8700 W Bryn Mawr Ave., Suite 720S, Chicago, IL 60631.

## BASIS FOR RELIEF

7.      Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Local Rule 1015-1 further provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in [the] Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." The Debtors are "affiliates" within the meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.      Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 11 Cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

9.      Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

## NOTICE

10.      Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Agent; (c) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (d) the Office of the United

States Attorney for the District of Delaware; (e) the Internal Revenue Service; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## **NO PRIOR REQUEST**

11.     No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1; and (ii) granting such other and further relief as the Court deems appropriate.

*[remainder of page intentionally left blank]*

95272451.2

Dated:   October 8, 2024
       Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Katherine M. Devanney (Del. Bar No. 6356)
Michael V. DiPietro (Del. Bar No. 6781)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
kdevanney@polsinelli.com
mdipietro@polsinelli.com

-and-

Ashley D. Champion (*Pro Hac Vice* Pending)
1201 W. Peachtree St. NW, Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 253-6000
Facsimile: (404) 252-6060
achampion@polsinelli.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**<u>EXHIBIT A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JORDAN HEALTH PRODUCTS I, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 47-4669981 | Chapter 11<br><br>Case No. 24-12271 |
| In re:<br><br>GLOBAL MEDICAL IMAGING, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. 27-0268828 | Chapter 11<br><br>Case No. 24-12272 |
| In re:<br><br>D.R.E. MEDICAL GROUP, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 47-4682356_ | Chapter 11<br><br>Case No. 24-12273 |
| In re:<br><br>ONCOLOGY SERVICES INTERNATIONAL, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 22-3342514 | Chapter 11<br><br>Case No. 24-12274 |
| In re:<br><br>TECHNICAL OPTIONS OF GEORGIA, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 58-2025488 | Chapter 11<br><br>Case No. 24-12275 |

| | |
|---|---|
| In re:<br><br>JORDAN HEALTH PRODUCTS III, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 81-3029350 | Chapter 11<br><br>Case No. 24-12276 |
| In re:<br><br>TRANSTATE EQUIPMENT COMPANY, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 82-0674201 | Chapter 11<br><br>Case No. 24-12277 |
| In re:<br><br>EQUIPMENT MAINTENANCE SOLUTIONS, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 82-4437216 | Chapter 11<br><br>Case No. 24-12278 |
| In re:<br><br>ULTRA SOLUTIONS HOLDINGS, INC.,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 83-1792305 | Chapter 11<br><br>Case No. 24-12279 |
| In re:<br><br>ULTRA SOLUTIONS, LLC,<br><br>        Debtor.<br><br>Employer Tax I.D. No. 46-3053425 | Chapter 11<br><br>Case No. 24-12280 |

95272451.2

| | |
|---|---|
| In re:<br><br>PACIFIC MEDICAL GROUP, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 81-3174339 | Chapter 11<br><br>Case No. 24-12281 |
| In re:<br><br>PACIFIC MEDICAL HOLDINGS, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No. 81-3162135 | Chapter 11<br><br>Case No. 24-12282 |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or First Day Declaration, as applicable.

and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Motion is GRANTED, as set forth herein.

2.       The above-captioned Chapter 11 Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of JORDAN HEALTH PRODUCTS I, INC., Case No. 24-12271.

3.       The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JORDAN HEALTH PRODUCTS I, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12271 (___)<br><br>(Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Jordan Health Products I, Inc. (9981); Global Medical Imaging, LLC (8828); D.R.E. Medical Group, Inc. (2356); Oncology Services International, Inc. (2514); Technical Options of Georgia, Inc. (5488); Jordan Health Products III, Inc. (9350); Transtate Equipment Company, Inc. (4201); Equipment Maintenance Solutions, Inc. (7216); Ultra Solutions Holdings, Inc. (2305); Ultra Solutions, LLC (3425); Pacific Medical Group, Inc. (4339); and Pacific Medical Holdings, Inc. (2135). The Debtors' service address is 8700 W Bryn Mawr Ave., Suite 720S, Chicago, IL 60631. Debtor Jordan Health Products I, Inc. is doing business as Avante Health Solutions.

4.       The Clerk of this Court shall make a docket entry in each Chapter 11 Case (except that of Jordan Health Products I, Inc.) substantially as follows:

"An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Jordan Health Products I, Inc., and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Jordan Health Products I, Inc., Case No. 24-12271, should be consulted for all matters affecting this case."

95272451.2

4

5.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      Notice of the Motion as provided therein satisfies the requirements of the Bankruptcy Rules and the Local Rules.

7.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

9.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

95272451.2