**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JORDAN HEALTH PRODUCTS I, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12271 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 478** |

**ORDER (I) CONVERTING CASES FROM
CHAPTER 11 TO CHAPTER 7, (II) ESTABLISHING A
DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS
AND SETTING A HEARING THEREON, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order, pursuant to section 1112(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) converting the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") to cases under chapter 7 of the Bankruptcy Code, (ii) establishing a deadline for filing final chapter 11 fee applications, and (iii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Jordan Health Products I, Inc. (9981); Global Medical Imaging, LLC (8828); D.R.E. Medical Group, Inc. (2356); Oncology Services International, Inc. (2514); Technical Options of Georgia, Inc. (5488); Jordan Health Products III, Inc. (9350); Transtate Equipment Company, Inc. (4201); Equipment Maintenance Solutions, Inc. (7216); Ultra Solutions Holdings, Inc. (2305); Ultra Solutions, LLC (3425); Pacific Medical Group, Inc. (4339); and Pacific Medical Holdings, Inc. (2135). The Debtors' service address is 8700 W Bryn Mawr Ave., Suite 720S, Chicago, IL 60631. Debtor Jordan Health Products I, Inc. is doing business as Avante Health Solutions.

[2] Capitalized terms used in this Order but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Chapter 11 Cases are hereby converted to cases under chapter 7 of the Bankruptcy Code as of the date of the entry of this Order (the "**Conversion Date**").

3. For the avoidance of doubt, the Estate Assets, including those claims and causes of action specified in the Settlement Term Sheet, are preserved for the Debtors' estates to be pursued by a chapter 7 trustee for the benefit of general unsecured creditors.

4. The following Conversion Procedures are hereby approved:

   a. **Professional Fees.** To the extent professionals retained in the Chapter 11 Cases have not already submitted final fee applications to the Court (the "**Final Fee Applications**"), all professionals shall have submitted Final Fee Applications in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court no later than May 28, 2025 (the "**Final Fee Application Deadline**"). Objections, if any, to the Final Fee Applications shall be filed and served not later than twenty-one (21) days after the Final Fee Application Deadline. The Court will hold a hearing on Final Fee Applications on June 25, 2025. To the extent no objections are filed to a given professional's Final Fee Application, such professional may file a Certificate of No Objection, and the Court may, in its sole discretion, enter an order approving such fees.

   b. **Books and Records.** As soon as reasonably practicable, but in no event more than fourteen (14) days after the appointment of the interim chapter 7 trustee, the Debtors shall turn over or provide access to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession and control, as required by Bankruptcy Rule 1019(d). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7

    trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

   c. **Schedule of Unpaid Debts.** Within fourteen (14) days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred on and after the Petition Date, including the name and address of each creditor, as required by Bankruptcy Rule 1019(e)(1)(A).

   d. **Final Report.** Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(e)(1)(B).

   e. **Claims.** In accordance with Local Rule 2002-1(e)(x), within the earlier of (i) fourteen (14) days of the Conversion Date and (ii) entry of a termination order, Omni Agent Solutions, Inc. ("**Omni**") —the Debtors' claims and noticing agent—shall (i) forward to the Clerk of this Court an electronic version of all proofs of claim, (ii) upload the publicly available portions of the creditor matrix into CM/ECF, (iii) forward to the Clerk the sealed portions of the creditor matrix in the format requested by the Clerk, (iv) docket a final claims register in the Debtors' Chapter 11 Cases, and (iv) forward to the chapter 7 trustee an electronic version of all proofs of claim.

5. Subject to its compliance with Local Rule 2002-1(e)(x)-(xi), on the Conversion Date, Omni shall be relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' Chapter 11 Cases or the chapter 7 cases.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**Dated: June 24th, 2025**
**Wilmington, Delaware**
                 **THOMAS M. HORAN**
                 **UNITED STATES BANKRUPTCY JUDGE**